UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil Action No. 18-CV-02951

| | |
|---|---|
| International Decision Systems, Inc., <br><br> Plaintiff, <br><br> v. <br><br> JDR Solutions, Inc., <br><br> Defendant. | **COMPLAINT** |

Plaintiff International Decision Systems, Inc. ("IDSI" or "Plaintiff"), by and through counsel, for its Complaint against Defendant JDR Solutions, Inc. ("JDR" or "Defendant") alleges as follows:

## NATURE OF THE ACTION

1. This case arises from JDR's material breach and repudiation of its agreement to pay IDSI monthly commissions on professional service fees that JDR receives from IDSI's customers. JDR has provided no legitimate reason for evading its payment obligations even after IDSI gave notice of breach and retained a leading forensic accounting firm to conduct an audit of JDR's books and records. This audit confirmed JDR owes IDSI well over $3.2 million dollars in commissions, plus interest, which JDR still refuses to acknowledge or pay thereby requiring IDSI to bring this action. IDSI is entitled to receive the money it is owed under its agreement with JDR as well as pre-judgment and post-judgment interest and attorneys' fees.

IDSI is also entitled to a declaratory judgment that JDR is obligated to pay a 25% commission on all professional service fees that JDR receives from IDSI customers going forward.

## THE PARTIES, JURISDICTION, AND VENUE

2. IDSI is a global provider of asset finance origination and portfolio management software and related services used by financial institutions and equipment manufacturers to automate the asset finance origination process, as well as manage the associated accounting, administration and compliance requirements of an asset finance portfolio. IDSI has been in business for over 40 years and has offices in North America, Europe, India, Australia and Singapore. IDSI customers use IDSI's software to manage the entire lifecycles of an asset based portfolio from origination, analytics/decision making, portfolio management and disposition. IDSI's primary customers are the equipment finance units of commercial banks and other financial institutions, as well as the finance divisions of equipment manufacturers. IDSI also provides implementation services and technical support for its software to its customers.

3. IDSI is incorporated in Delaware with its principal place of business located at 220 South Sixth Street, Suite 700, Minneapolis, MN 55402.

4. JDR resells certain IDSI software and provides professional services to IDSI customers pursuant to its agreement with IDSI.

5. JDR was initially formed as a limited liability company and was

converted to a corporation on or about January 17, 2007.

6. JDR is incorporated in Indiana with its principal place of business located at 8606 Allisonville Road, Suite 245, Indianapolis, IN 46250.

7. This Court possesses subject matter jurisdiction over this dispute under 28 U.S.C. § 1332(a)(1). This is a dispute between IDSI (a citizen of Minnesota and Delaware) and JDR (a citizen of Indiana), and the amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8. JDR is subject to personal jurisdiction and venue of this Court pursuant to 28 U.S.C. § 1391(b)(2) and pursuant to a mandatory venue provision in its agreement with IDSI. JDR may be served with process upon its registered agent John R. Schaffner at 8606 Allisonville Road, Suite 245, Indianapolis, IN 46250.

## FACTUAL BACKGROUND

9. IDSI and JDR entered into a Master Software License, Value Added Reseller, Application Service Provider, and Maintenance and Services Agreement, with an effective date of February 1, 2007 (the "Master Agreement").

10. Contemporaneously with the execution of the Master Agreement, IDSI and JDR also executed five additional agreements as attachments to the Master Agreement (collectively, the "Attachments"), all with effective dates of February 1, 2007:

- Attachment No. 1 – General Terms and Conditions

- Attachment No. 2 – Value Added Reseller Agreement

3

- Attachment No. 3 – Application Services Provider Reseller Agreement
- Attachment No. 4 – Professional Services Sharing Agreement
- Attachment No. 5 – InfoLease® Service Bureau License

11. Under the Master Agreement and the Attachments, JDR obtained the ability to use and resell certain IDSI software and to provide specified services to IDSI's customers, which includes the provision of professional consulting services to IDSI's customers as a member of IDSI's "Partner Network."

12. Attachment 4, the Professional Services Sharing Agreement, governs JDR's provision of Professional Services to IDSI's Customers.

13. Section 3.2 of the Professional Services Sharing Agreement provides:

> When the Professional Services are provided directly to an IDSI Customer by [JDR], [JDR] agrees to pay IDSI a monthly commission equal to twenty-five percent (25%) of the received charges for Professional Services (reduced by taxes, delivery charges, and expense reimbursement items, as applicable) provided to IDSI Customers. Payment of commissions will be due on the first day of each month for the applicable charges received by [JDR] from the IDSI Customer during the prior month.

14. In sum, JDR is required to pay IDSI a commission of 25% of the fees it receives for Professional Services provided to IDSI Customers.

15. The General Terms and Conditions at Attachment 1 define "Professional Services" as:

> consulting, project management/systems design, conversions, implementation, programming, system

>   training, technical support or data entry relating to IDSI Software and may be performed directly for the IDSI Customer or in a subcontractor role.

16. Attachment 1, the General Terms and Conditions, defines "IDSI Customer" as:

>   a business entity or individual wherever situated which has an executed License Agreement for IDSI Software with IDSI

17. The General Terms and Conditions define IDSI Software as the software identified on Exhibit B of the General Terms and Conditions.

18. In Attachment 2, the Value Added Reseller Agreement, JDR also agreed to remit to IDSI a quarterly report no less than thirty days after the end of each quarter setting forth the amount of JDR's Professional Services sold, amounts collected and the amounts remitted to IDSI.

19. JDR failed to provide IDSI with these quarterly commission reports as requested.

20. The Professional Services Sharing Agreement provides the parties with audit rights as follows:

>   The Parties shall keep accounts and records in sufficient detail and containing such information as is necessary to enable fees due hereunder to be calculated ("Accounting Records"). On reasonable prior notice, an independent certified public accountant, acting on the requesting Party's behalf that has been approved in advance by the audited Party, shall have the right to audit such Accounting Records no more than once in any twelve (12) month period at a time and place to be mutually agreed upon by the Parties. Such information

5

>shall be used by the requesting Party solely for purposes of ensuring the audited Party's compliance with the terms of this Agreement. The requesting Party shall be solely liable for the cost of such audit, unless a shortfall of five percent (5%) or more is found for any twelve (12) month period, in which case, if the audit results cannot reasonably be disputed, the audited Party shall pay for the audit.

21. On April 11, 2017, IDSI gave notice to JDR that IDSI wished to conduct an audit of JDR's accounting records to determine whether the monthly commissions mandated by Section 3.2 of the Professional Services Sharing Agreement had been properly paid to IDSI.

22. After JDR delayed the audit process for more than two months, IDSI's counsel on or about June 23, 2017, engaged Alvarez & Marsal Disputes and Investigations, LLC ("A&M"), a highly reputable accounting firm, to conduct an audit of JDR's books on behalf of IDSI, pursuant to Section VI of the Professional Services Sharing Agreement.

23. After additional delays caused by JDR, the audit process finally began on September 8, 2017.

24. During the audit process it became clear that JDR had not sufficiently maintained Accounting Records to allow for ready calculation of commissions owed. JDR's failure to keep and maintain sufficient Accounting records greatly increased the complexity and cost of A&M's audit.

25. After conducting its audit, A&M issued a report titled "International Decision Systems, Inc. & JDR Solutions, LLC Audit Process & Findings," dated

March 23, 2018 (the "A&M Audit Report").

26. As a result of its audit, A&M calculated that JDR had been paid at least $13,063,482 for Professional Services through and including June 30, 2017.

27. As of the date of this Complaint, however, JDR has not paid IDSI any of the 25% commissions relating to that revenue. A&M calculated that JDR therefore owes IDSI commissions of at least $3,265,870 from Professional Services JDR provided to IDSI Customers through and including June 30, 2017. A&M has not yet calculated the amounts JDR owes in commissions for Professional Services on or after July 1, 2017.

28. IDSI provided the A&M Audit Report to JDR on April 3, 2018, and invoked and exhausted the dispute resolution procedures in the Agreements in a final effort to resolve JDR's non-payment.

29. A&M's costs and fees in connection with A&M's audit through March 23, 2018 were $133,404. A&M estimated that the cost of auditing the amounts of commissions JDR owes IDSI under the Professional Services Sharing Agreement from July 1, 2017 to the date of the A&M Report would likely be in the range of an additional $40,000 to $60,000.

30. JDR is required to reimburse IDSI for the cost of the audit because the commission shortfall exceeded five percent (5%) for numerous twelve month periods. JDR has failed and refused to pay the costs of the A&M audit through March 23, 2018 or thereafter.

31. IDSI has performed all its obligations under the Master Agreement and the Attachments and has fulfilled all conditions precedent to bring its suit and IDSI and JDR have stipulated and agreed that the pre-litigation dispute resolution provisions in the Agreements have been satisfied.

## COUNT I—BREACH OF CONTRACT

32. IDSI repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

33. The Master Agreement and the Attachments are valid binding contracts between IDSI and JDR for valuable consideration.

34. IDSI has fulfilled its contractual obligations to JDR under the Master Agreement and the Attachments, including but not limited to the Value Added Reseller Agreement and the Professional Services Sharing Agreement.

35. JDR's refusal and failure to pay commissions to IDSI resulting from JDR's provision of Professional Services to IDSI Customers is a breach of the Master Agreement and the Professional Services Sharing Agreement.

36. JDR's failure to keep adequate Accounting Records, and its refusal and failure to pay for the A&M audit, is a breach of the Master Agreement and the Professional Services Sharing Agreement.

37. JDR's failure to provide quarterly commission reports is a breach of the Master Agreement and the Value Added Reseller Agreement.

38. As a result of JDR's breach of the Master Agreement and the

Attachments, IDSI has been damaged in an amount in excess of $3,265,870 through June 30, 2017, and damaged after July 1, 2017 in an amount to be proven at trial, all with interest thereon.

39. In addition, JDR's material breaches are ongoing, and IDSI's damages from JDR's continuing breaches will continue to accrue each month during this action, up to and including the date of judgment and thereafter.

### COUNT II—DECLARATORY JUDGMENT

40. IDSI repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. IDSI and JDR are parties to the Master Agreement and the Attachments, including but not limited to the Value Added Reseller Agreement and the Professional Services Sharing Agreement.

42. JDR has denied and/or breached its obligations under the Master Agreement and the Attachments and, as such, has created a genuine dispute regarding the parties' rights and obligations under the Master Agreement and the Attachments.

43. IDSI is entitled to a declaratory judgment pursuant to Minnesota Statutes Section 555, et seq., declaring the parties' rights under the Master Agreement and the Attachments.

44. IDSI is entitled to a declaratory judgment that the Master Agreement and the Attachments are valid and enforceable under Minnesota law.

45. IDSI is entitled to a declaratory judgment that JDR is obligated to pay to

IDSI commissions pursuant to Section 3.2 of the Professional Services Sharing Agreement.

46.  IDSI is entitled to a declaratory judgment that JDR breached its obligations under the Master Agreement and the Attachments by refusing to pay commissions pursuant to Section 3.2 of the Professional Services Sharing Agreement.

### COUNT III—BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

47.  IDSI repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48.  Pursuant to Minnesota law, the Master Agreement and the Attachments carry with them an implied duty of good faith and fair dealing.

49.  For the reasons set forth above, including but not limited to the failure to pay commissions as required by Section 3.2 of the Professional Services Sharing Agreement, JDR has breached its implied duty of good faith and fair dealing and has, instead acted in bad faith and hindered the performance of the Master Agreement and the Attachments.

50.  IDSI has suffered damages, including monetary damages in an amount in excess of $ 3,265,870 through June 30, 2017, and damaged after July 1, 2017 in an amount to be proven at trial, all with interest thereon, as a result of JDR's violation of its duty of good faith and fair dealing.

**WHEREFORE**, IDSI prays for the following relief:

   A.   A declaratory judgment that the Master Agreement and the Attachments

are valid and enforceable under Minnesota law;

B. A declaratory judgment that JDR is obligated to pay to IDSI commissions pursuant to Section 3.2 of the Professional Services Sharing Agreement;

C. A declaratory judgment that JDR breached its obligations under the Master Agreement and the Attachments by refusing to pay commissions pursuant to Section 3.2 of the Professional Services Sharing Agreement;

D. An award of monetary damages, plus interest, sustained by IDSI as a result of JDR's breach of contract;

E. An award of monetary damages, plus interest, sustained by IDSI as a result of JDR's bad faith denial of contractual and other benefits to IDSI;

F. An award of the costs and attorneys' fees incurred by IDSI in pursuing this action to recover benefits owed by JDR to IDSI under a valid and enforceable agreement; and

G. Such other and further relief as the Court deems just and appropriate.

Dated:  October 18, 2018

Respectfully submitted,

HOGAN LOVELLS US LLP

By: /s/ *Peter H. Walsh*
Peter H. Walsh (MN #0388672)
Matthew J. Piehl (MN #0395942)
80 South Eighth Street
Suite 1225
Minneapolis, MN 55402
Telephone: (612) 402-3000
Facsimile: (612) 339-5167
Peter.Walsh@hoganlovells.com
Matthew.Piehl@hoganlovells.com

ROGERS & HARDIN LLP
Daniel D. Zegura
(*admission pro hac vice forthcoming*)
2700 International Tower
229 Peachtree Street NE
Atlanta, GA 30303
Telephone:  (404) 522-4700
Facsimile:  (404) 525-2224
dzegura@rh-law.com

*Counsel for International Decision Systems, Inc.*